**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3251-19

VITALY KULPEKSHA and
ALENA KULPEKSHA,

     Plaintiffs-Respondents,

v.

ARETI ARAVANTINOS,

     Defendant-Appellant.

_____

          Submitted March 3, 2021 – Decided May 12, 2021

          Before Judges Alvarez and Sumners.

          On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. DC-011724-19.

          Areti Aravantinos, appellant pro se.

          Eugenie A. Voitkevich, attorney for respondents.

PER CURIAM

    Following a bench trial, the Special Civil Part judge issued a judgment in favor of plaintiffs Vitaly Kulpeksha and Alena Kulpeksha ordering that their

residential landlord, defendant Areti Aravantinos, pay them $2930 for their unreturned security deposit, plus $87 in court costs. On appeal, defendant argues the judge failed to consider her evidence supporting her withholding of all of plaintiffs' security deposit due to damages to the apartment and breach of the lease agreement. We affirm.

In rejecting the self-represented defendant's contentions to retain most of plaintiffs' security deposit, the judge determined that she failed to provide sufficient proof of her claims. The judge rejected defendant's claims for replacement of a washing machine and repair of a warped floor because there was no proof that plaintiffs damaged them. The judge also denied defendant's claim for the cost of re-painting a bedroom white because there was no proof that she objected to plaintiffs painting it pink.

Despite denying defendant's claim of $1350 for "deep cleaning" because she did not have a receipt, the judge awarded her $400, the maximum amount conceded by plaintiffs. The judge noted defendant was not entitled to return of the apartment in "mint condition." See Liqui-Box Corp. v. Estate of Elkman, 238 N.J. Super. 588, 602 (App. Div. 1990). The judge allowed a $450 charge to plaintiffs for repair of the dishwasher, finding there was evidence that it was clogged due to plaintiffs' misuse. Even though defendant lacked a receipt for

2

the $350 cost to repair a granite countertop, the judge allowed the claim—supported by video evidence of the damage—because it was "not an unreasonable amount." Lastly, the judge granted defendant's $70 claim for damage to the shower stall.

After deducting $1270 from plaintiffs' $4000 security deposit plus a conceded credit of $200 to plaintiffs for work they performed at the apartment, judgment was entered in favor of plaintiffs for $2,930 plus $87 in court costs. The judge ruled that the Security Deposit Act (Act), N.J.S.A. 46:8-19 to -26, which would have doubled plaintiff's damages and possibly awarded them reasonable attorney's fees, was not applicable because the leased premises was owner-occupied with two units and plaintiffs did not make a letter request for the Act to apply.

The record leads us to conclude that the judgment should not be disturbed. Defendant has failed to establish why we should not "give deference to the trial [judge who] heard the witnesses, sifted the competing evidence, and made reasoned conclusions." Griepenburg v. Twp. of Ocean, 220 N.J. 239, 254 (2015) (citing Rova Farms Resort, Inc. v. Invs. Ins. Co. of Am., 65 N.J. 474, 483-84 (1974)). We see no reason to disturb the judge's factual findings and legal conclusions as we are unconvinced they were "'so manifestly unsupported by or

inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (quoting In re Tr. Created By Agreement Dated Dec. 20, 1961, 194 N.J. 276, 284 (2008)) (quoting Rova Farms, 65 N.J. at 474). And based on our de novo review, we see no error in the judge's legal conclusions. See 30 River Ct. E. Urb. Renewal Co. v. Capograsso, 383 N.J. Super. 470, 476 (App. Div. 2006) (citations omitted).

Defendant's other arguments are not specifically addressed because they lack sufficient merit to warrant discussion in this opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3251-19